**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**VICTORY PLATING WORKS, INC., Respondent.**

No. 18701.

United States Court of Appeals Ninth Circuit.

Nov. 22, 1963.

---

Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Assistant General Counsel, and Warren M. Davison and Glen M. Bendixsen, Attorneys, N. L. R. B., Washington, D. C., for petitioner.

Roscoe E. Watts and Eugene R. Neill, Portland, Or., for respondent.

Before POPE, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

This case is before the court upon petition of the National Labor Relations Board for enforcement of its order issued against respondent December 31, 1962. The Board's decision and order are reported at 140 NLRB No. 34.

The Board found that respondent had violated § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by threatening and interrogating its employees concerning their union activity and by imposing daily production quotas because of such activity. The Board further found that respondent had violated § 8(a) (3) and (1), 29 U.S.C. § 158(a) (3) and (1), by discharging certain employees because of their union activity.

The order directed respondent to cease and desist from the offending activities, to offer reinstatement to the discharged employees, and to make them whole for any loss of earnings, including interest on the back pay due.

Opposition to the order is solely upon the ground that substantial evidence has not been presented to justify the Board's findings.[1] Respondent continues to assert that its imposition of production quotas and discharge of employees was for business reasons, and that no threat could reasonably be read from its interrogation of its employees.

The decision and order of the Board fully sets forth the factual background and the considerations upon which the Board's findings and conclusions were based. For the reasons there set forth we are satisfied that the findings are supported by substantial evidence.

Decree will be entered enforcing the order as prayed.

---

1. No opposition has been expressed here to the imposition of interest upon the awards of back pay. Accordingly, if there be question as to legal justification for this portion of the order it is not considered here.